UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: COMMONWEALTH BIOTECHNOLOGIES, INC., | Chapter 11<br>Case No. 11-30381-KRH |
| Debtor. | |
| ANDREW CHIEN, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 13-03088-KRH |
| COMMONWEALTH BIOTECHNOLOGIES, INC., RICHARD J. FREER, | |
| Defendants. | |

**<u>MEMORANDUM OPINION</u>**

On January 20, 2011, Commonwealth Biotechnologies ("CBI" or the "Debtor") filed a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code. Fornova Pharmworld, Inc. ("Fornova") timely filed a proof of claim, Claim Number 18-1 (the "Claim") in the amount of $622,167 in the Debtor's case.[1] That claim was disallowed and expunged by this Court's Order entered October 5, 2012.

Pending before the Court is a proceeding commenced by Andrew Chien ("Chien") in connection with the Debtor's bankruptcy case on account of the expunged Fornova Claim. Chien filed this adversary proceeding in April of this year seeking to recover monetary and injunctive relief against the Debtor and against the Debtor's president, Richard J. Freer ("Dr. Freer").[2] The adversary proceeding is now before the Court on the Motion to (A) Strike

---

[1] The Claim was based on an alleged promissory note between CBI and Fornova (the "Fornova Note").

[2] Case No. 13-03088 (the "2013 Adversary Proceeding")

Complaint and/or (B) Dismiss Complaint filed by defendant CBI and on the Motion to Strike and/or Dismiss filed by defendant Dr. Freer (the "Motions"). A hearing on the Motions was held on June 19, 2013. Due to accommodations made by the state court, Chien (who is presently incarcerated in the County of Chesterfield, Virginia) was permitted to attend and actively participate in the June 19 hearing on the Motions. Having fully considered the arguments of Chien and of counsel for the defendants, the Court will grant the Motions and dismiss the adversary proceeding.

This memorandum opinion sets forth the Court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.[3] The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 16, 1984. This is a core proceeding, *id.* § 157(b)(2)(A), (B), (C), and (O), in which final orders or judgments may be entered by a bankruptcy court, *id.* § 157(b)(1). Venue is appropriate in this Court. *Id.* § 1409(a).

## Procedural History

Chien is not an unfamiliar litigant in this case. Back in February of 2012, CBI commenced an Adversary Proceeding, Case No. 12-03038-KRH, (the "2012 Adversary Proceeding") against Fornova objecting to the Claim it had filed in the Debtor's bankruptcy case as unfounded under 11 U.S.C. §§ 105(a) and 502[4] and Rules 3001, 3007, and 7001(8) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

On March 15, 2012, Chien, claiming to act by virtue as "trustee" for Fornova, filed a Motion to Dismiss in the 2012 Adversary Proceeding on Fornova's behalf. As Chien is not an

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

[4] Title 11 of the U.S. Code may hereinafter be referred to as the "Bankruptcy Code."

attorney, he was not entitled to act on behalf of Fornova, which is a corporate entity.[5] Accordingly, the Clerk of this Court (the "Clerk's Office") issued a deficiency notice under Local Bankruptcy Rule 9010-1, informing Chien that corporations were required to be represented by counsel. Notwithstanding receipt of the deficiency notice, Chien appeared before the Court on behalf of Fornova on March 20, 2012, at a duly scheduled pretrial conference in the 2012 Adversary Proceeding. At that pretrial conference, the Court advised Chien about Local Bankruptcy Rule 9010-1 and directed Chien to retain counsel on behalf of Fornova.

Chien chose to ignore the Court's instructions that he retain counsel for Fornova. He filed a document with the Court on April 24, 2012, styled "Motion of Permitting Adding Andrew Chien as an Intervening Defendant and Dismiss Complaint Against Chien Due to Defamation and Bankruptcy Fraud, and Further Request for Immediately Money Distribution to Creditors and Bar the Payment of the Counsel Fees of Tavenner & Beran, PLC and Auditor Fees of Witt Mares, PLC from CBI Because (l) They Involved Bankruptcy Fraud (2) CBI Has No Cash and All Cash Belongs to Creditors" (the "Motion to Intervene"). Chien appeared at a hearing conducted on April 25, 2012, to consider his Motion to Intervene. Chien asserted that he should be permitted to participate on behalf of Fornova because he had an interest in Fornova and thus an interest in the outcome of the Debtor's case.

The Court rejected Chien's attempt to personally represent Fornova. The Court informed Chien that an interest in a corporation does not confer standing to appear on behalf of that corporation in a bankruptcy case. The Court admonished Chien that he was not allowed to represent the interests of Fornova in either the Debtor's bankruptcy case or in the 2012

---

[5] Local Bankruptcy Rule 9010-1 provides in pertinent part that "[a]ny petition, pleading or paper, other than those set forth in this Local Bankruptcy Rule, filed on behalf of an entity that is not a natural person acting in his or her own behalf and not signed by counsel permitted to appear under LBR 2090-1 shall be stricken by the Clerk, or in the case of a petition, dismissed, unless the deficiency is cured within 14 days of the mailing or delivery of a notice of deficiency." LBR 9010-1.

Adversary Proceeding. The Court expressly instructed Chien to hire counsel for Fornova. By Order entered on May 1, 2012, the Court struck the Motion to Intervene. Chien was ordered not to appear before or file pleadings with the Court on behalf of Fornova except through counsel duly authorized to practice before the United States Bankruptcy Court for the Eastern District of Virginia (the "May 1 Order").

The trial of the 2012 Adversary Proceeding had been scheduled for June 14, 2012. The Court continued the trial date to ensure that service of process was properly effectuated and to afford Fornova sufficient time to engage counsel.[6]

In spite of the Court's May 1 Order, Chien continued to file pleadings on behalf of Fornova. The Court finally entered an Order dated June 14, 2012, directing Chien to appear before the Court and show cause why he should not be held in contempt and sanctioned for his conduct (the "Order to Show Cause"). Chien responded to the Order to Show Cause on July 16, 2012, with a pleading styled "Memorandum of Facts and Law Why the Current Unsecured Creditor Committee Should Be Changed" (the "Chien Memorandum"). The Chien Memorandum advanced various legal arguments on behalf of Fornova, including that CBI should not be permitted to remain in Chapter 11, that CBI was in violation of the Securities Exchange Act of 1934, that CBI had limited ability to carry forward its operating losses, that the 2012 Adversary Proceeding was frivolous, that the Unsecured Creditors' Committee had failed to fulfill its duties, and that Chien should be appointed to the Unsecured Creditors' Committee.

---

[6] While the Plaintiff believed that it had effectuated proper service in the adversary proceeding, the Plaintiff filed a Motion for Order Directing Manner of Service of Complaint, Summons and Related Documents Pursuant to Rule 4(F)(3) of the Federal Rules of Civil Procedure (the "Rule 4(f) Motion"). The Bankruptcy Court granted the Rule 4(f) Motion by Order entered July 2, 2012 (the "July 2 Order"). Included among the Related Documents that the Court ordered be served on Fornova was the May 1 Order and a pretrial order setting the new trial date for September 11, 2012. The Return of Service filed with the Court shows that the Plaintiff did re-serve Fornova on July 3, 2012, this time pursuant to the terms of the Rule 4(f) Motion and the July 2 Order. Both English and Chinese versions of the documents were served. No response was ever filed by Fornova to the reissued Summons and Complaint.

At the hearing on the Order to Show Cause, Chien provided several contradictory explanations for his continued attempts to participate in the Debtor's bankruptcy case on behalf of Fornova. Chien first reiterated his belief that he should be permitted to exercise the rights of a creditor under Chapter 11. Chien then stated that he filed the various pleadings and documents with the Court only to ensure that the Court was aware of his personal views on the case. Finally Chien asserted that Fornova had assigned to him all of Fornova's rights to the funds allegedly owed to Fornova by CBI and that Chien was therefore operating as Fornova's agent.

After considering the Chien Memorandum, Chien's testimony at the hearing on the Order to Show Cause, as well as the multiple admonitions from this Court and other federal courts that Chen could not personally represent a corporation,[7] the Court concluded that Chien's actions in this case constituted a willful and wanton disregard for the rules and orders of the Court.

On July 24, 2012, Chien filed a "Motion for Alter or Amend a Judgment Dated July 18, 2012, Based on Rule 59(e) of FRCP" (the "Rule 59 Motion") in response to the Court's ruling at the Show Cause hearing. Even though the Rule 59 Motion was procedurally improper as an order with respect to the Show Cause Hearing had not yet been entered by the Court, the Court nonetheless considered the Rule 59 Motion on its merits.

The Rule 59 Motion reiterated several arguments made by Chien at the Show Cause Hearing and also raised several novel arguments regarding why Chien should be permitted to personally represent Fornova. With respect to arguments previously asserted, Chien failed to

---

[7] The Court found Chien's arguments to be particularly disingenuous given that each of these arguments had previously been made and rejected in substantially similar litigation recently brought by Chien in the United States District Court for the District of Connecticut. *See Chien v. Barron Capital Advisors, LLC*, 3:09-cv-1873 (CSH), 2011 U.S. Dist. LEXIS 137866 (D. Conn. Dec. 1, 2011); *Chien v. Skystar Bio Pharm. Co.*, 623 F. Supp. 2d 255 (D. Conn. 2009). In both cases, Chien was informed by written opinion that he was not allowed to represent a corporation as a *pro se* litigant and that "he [could] not circumvent this rule by having [a corporation] assign its legal rights to [him]" *Barron Capital Advisors, LLC*, 2011 U.S. Dist. LEXIS 137866 at \*5 (citing *Skystar Bio Pharm. Co.*, 623 F.2d 255). Chien's failure to retain counsel on behalf of the corporations involved in these cases resulted in sanction being entered against him in the amount of $12,000.

provide any additional evidence and failed to allege any alternative grounds that would warrant the reconsideration of the Court's rulings. Chien simply restated his previous contentions, in the apparent hope that the Court would reach a different conclusion. The Court declined to do so. With respect to the novel arguments, the Court found that Chien had been provided ample opportunity to present all available arguments at the Show Cause Hearing.

Accordingly the Court entered an Order on July 27, 2012, finding Chien in contempt and awarding sanctions against Chien in the amount that the estate had been harmed by Chien's improper conduct (the "Sanctions Order"). The Sanctions Order prohibiting Chien from appearing before or filing pleadings with the Court on behalf of Fornova except through counsel duly authorized to practice before the United States Bankruptcy Court for the Eastern District of Virginia. The Sanctions Order also denied the Rule 59 Motion.[8]

On August 21, 2012, the Debtor moved for the entry of default and for default judgment against Fornova in the 2012 Adversary Proceeding. The Clerk's Office entered default against Fornova on August 22, 2012. Trial was conducted in the 2012 Adversary Proceeding on September 11, 2012, at which the Court considered the Plaintiff's Motion for Default Judgment. The Debtor introduced twenty-six exhibits into evidence and presented the testimony of three witnesses. After hearing the Plaintiff's evidence, the Court entered an Order on October 5, 2012, granting judgment by default, and disallowing and expunging Claim Number 18-1 filed by Fornova.[9] On October 15, 2012, Chien (once again improperly acting on behalf of Fornova)

---

[8] Chien appealed and the United States District Court for the Eastern District of Virginia subsequently affirmed the Sanctions Order as well as the May 1 Order.

[9] The Court found that Fornova was not a holder of a note made by the Plaintiff. The Court also held that any obligation for moneys that may have been advanced to the Plaintiff by Fornova would be recharacterized as an equity contribution with a strike price of $1.01.

filed a Notice of Appeal, attempting to appeal both the entry of the default judgment and the substantive ruling.[10]

On November 15, 2012, CBI filed its plan of reorganization (the "Plan") and a related disclosure statement (the "Disclosure Statement"). On December 17, 2012, Chien filed a document purporting to amend the expunged Fornova Claim. Chien followed this amendment with a second pleading purporting to further amend the expunged Claim of Fornova (the "Second Amended Claim") on January 3, 2013. The Second Amended Claim asserted that, pursuant to an agreement executed by Lizi Wang dated December 22, 2012, Chien had just recently purchased a note from Fornova that had been made by the Debtor. The Disclosure Statement as amended (the "Amended Disclosure Statement") was approved by the Court on January 7, 2013.

On January 29, 2013, Chien, purporting to act now on his own behalf as the new noteholder, filed additional pleadings entitled "Motion to Convert Case to Chapter 7, Statement Motion to (1) Object the Amended Disclosure Statement #293 because of Deceit Fornova Reserve; (2) Change into Chapter 7 to Reserve CBI's Cash; (3) Alternatively Order CBI Injecting Cash of $622,167 into Fornova Reserve, Objection to Amended Disclosure Statement, and Motion to Substitute as Defendant."

In February 2013, the Court heard evidence on Chien's request that he be substituted for Fornova as the new holder of the expunged Claim. At the conclusion of the evidence, the Court denied Chien's request, finding there had been no transfer of an original instrument. Based on the Court's denial of the motion to substitute, the Court found that Chien had no standing to argue the remaining matters raised in his January 29 pleadings. On March 4, 2013, the Court issued a memorandum opinion and an Order denying Chien's motions (collectively, the "Denial

---

[10] On or about February 6, 2013, in 12-cv-00900-REP, the District Court denied Chien's Motion to Stay Pending Appeal. Accordingly, the Claim presently remains expunged.

of Substitution Order"). On March 20, 2013, the Court entered an Order denying Chien's Motion to Convert. On March 22, 2013, Chien appealed the Court's March 20 Order denying his Motion to Convert.

On March 29, 2013, the Court entered an Order Confirming Amended Plan of Reorganization of Commonwealth Biotechnologies, Inc. Dated January 4, 2013, as Modified Herein (the "Confirmation Order"). The Effective Date as provided in the Amended Plan and Confirmation Order was April 15, 2013.

On April 8, 2013, Chien belatedly filed with the Court a Motion for Stay Pending Appeal of the Order Denying Motion to Convert. On April 30, 2013, Chien filed a pleading styled "Motion to Approve CBI's Cash into the Court's Receivership and Discontinuing Tavenner & Beran as Counsel of CBI" (the "Receiver Pleading").[11] The Court held a hearing on these two motions on May 8, 2013, at the conclusion of which the Court denied all of Chien's motions.

## Consideration of Defendants' Motions

The Court finds that Chien lacks standing to bring this latest Complaint. Rule 17 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7017, mandates that "[a]n action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "Generally, the 'real party in interest' is the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit." *Roslyn Savings Bank v. Comoach Corp.* (*In re Comcoach Corp.*), 698 F.2d. 571, 573 (2d Cir. 1983) (citations omitted); *Va. Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1978). Accordingly, Chien must be the real party in interest in order to be entitled to bring this action.

---

[11] Chien improperly set the Receiver Pleading for hearing on May 8, 2013. Nonetheless, the Reorganized Debtor went forward with argument on the Receiver Pleading at the May 8 hearing.

8

Chien filed the Complaint as "Andrew Chien, Owner of Fornova Note, Plaintiff (pro se)." The Court has repeatedly ruled that Chien may not file pleadings on behalf of Fornova and may not personally represent Fornova. The Court has previously sanctioned Chien for his continued attempts to do so. Those sanctions have been affirmed by the United States District Court for the Eastern District of Virginia. *Chien v. Commonwealth Biotechnologies, Inc.*, 484 B.R. 659 (E.D. Va. 2012) ("Chien had been made aware of his obligation to secure counsel to represent a corporation in federal court, by the Bankruptcy Court, by the District Court in Connecticut, and by this Court. Chien's refusal to comply with this rule interfered with the orderly operation of the Bankruptcy Court, and sanctions against Chien were appropriate."). As such, Chien lacks standing to pursue the action on behalf of Fornova.

Chien also lacks standing to file the Complaint on his own behalf. The Court has previously ruled that Chien is not the owner of the expunged Claim because Chien does not hold the Fornova Note. In its March 4, 2013 Memorandum Opinion, the Court held

> Chien does not hold the Fornova Note. Chien could never have acquired the rights of a holder because there was no effective negotiation of the promissory note. Negotiation requires both a transfer of possession of the instrument and endorsement by the holder . . . .

*Commonwealth Biotechnologies, Inc. v. Fornova Pharmworld, Inc.* (*In re mCommonwealth Biotechnologies, Inc.*), 12-03038-KRH, 2013 Bankr. LEXIS 799, at *13 (Bankr. E.D. Va. Mar. 4, 2013). Chien failed to appeal the March 4 Memorandum Opinion and Order, which is now a final, non-appealable Order. Chien cannot now bring this action as the owner of the Fornova Note. Accordingly, Chien lacks standing to bring this action either on behalf of Fornova in a representative capacity or on behalf of himself in his individual capacity. As Chien is not a proper plaintiff to prosecute this lawsuit, the Complaint must be dismissed.

To the extent that Chien's claims have not already been addressed in the Court's many prior rulings pertaining to Chien, the Complaint warrants dismissal because it fails to state a claim upon which relief can be granted. "A motion to dismiss under Rule 12(b)(6) must be assessed in light of the liberal pleading standard set forth in Rule 8 of the Federal Rule[s] of Civil Procedure as incorporated in this adversary proceeding by Rule 7008 of the Federal Rules of Bankruptcy Procedure." *Matson v. Alpert* (*In re LandAmerica Fin. Grp., Inc.*), 470 B.R. 759, 777 (Bankr. E.D. Va. 2012). When adjudicating a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations in the Complaint as true and construe them in the light most favorable to the plaintiff. *Id.* (citing *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The factual allegations as plead must state a claim that is plausible on its face. *Id.*

Chien's latest Complaint lacks facial plausibility. The relief sought in the Complaint is wholly inappropriate and unfounded as such relief is contrary to this Court's Confirmation Order.

The Court entered the Confirmation Order in the Debtor's underlying bankruptcy case on March 29, 2013. This Court has core jurisdiction to interpret the Confirmation Order and enforce the terms of the confirmed plan. *In re Lyondell Chem. Co.*, 445 B.R. 277, 287 (Bankr. S.D.N.Y. 2011) ("[A] bankruptcy court retains core jurisdiction to interpret and enforce its own prior orders, including and especially confirmation orders."); *see also Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders."); *In re Jones*, No. 09-14499-BFK, 2011 Bankr. LEXIS 4083, at *1 (Bankr. E.D. Va. Oct. 21, 2011) ("Bankruptcy Courts plainly have jurisdiction to interpret and enforce their own prior orders.").

Chien did not appeal the Confirmation Order, which has become a final, non-appealable order. "[I]f a creditor fails to timely object to a plan or appeal a confirmation order, 'it cannot later complain about a certain provision contained in a confirmed plan . . . .'" *Enewally v. Wash. Mut. Bank* (*In re Enewally*), 368 F.3d 1165, 1172 (9th Cir. 2004) (quoting *Great Lakes Higher Educ. Corp. v. Pardee* (*In re Pardee*), 193 F.3d 1083, 1086 (9th Cir. 1999)). Chien is now bound by the terms of the Confirmation Order and the Debtor's confirmed plan. 11 U.S.C. § 1141(a) ("[T]he provisions of a confirmed plan bind . . . any creditor . . . ."). Chien cannot now re-litigate issues that should have been raised at the time of confirmation. *First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough* (*In re Varat Enters.*), 81 F.3d 1310, 1315 (4th Cir. 1996) ("A bankruptcy court's order of confirmation is treated as a final judgment with *res judicata* effect. . . . Consequently, parties may be precluded from raising claims or issues that they could have or should have raised before confirmation of a bankruptcy plan, but failed to do so.").

In his Complaint, Chien asserts three claims: (1) "$3 million cash for tort damage with administrative-priority;" (2) an "[i]njunction against Freer's Claim of about $310,000;" and (3) an "[i]njunction against CBI's property of about $820,000."

Chien's first cause of action for "$3 million cash for tort damage with administrative-priority" is barred by the Confirmation Order and the Debtor's confirmed plan. The Confirmation Order provides

> <u>Other Administrative Claims.</u> All other Allowed Administrative Expense Claims shall be paid as provided in the Plan. Proofs of Administrative Expense Claims and requests for payment of Administrative Expense Claims, other than Fee Claims, were due on or before February 21, 2013. Notwithstanding anything to the contrary herein, no proof of Administrative Expense Claim or application for payment of any Administrative Expense Claim need be filed for the allowance of fees of the United States Trustee arising under 28 U.S.C. § 1930. Any Person that fails to timely file a proof of Administrative Expense Claim as provided herein or

11

> request for payment shall be forever barred from asserting such Claim against the Debtor, the Estate, the Reorganized Debtor or its property and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Administrative Expense Claim.

*In re Commonwealth Biotechnologies*, Docket No. 367, ¶ 13, 11-30381-KRH (Bankr. E.D. Va. Mar. 29, 2013).

The Complaint was filed on April 26, 2013, well after the administrative claim bar date of February 21, 2013. Even applying the liberal pleading standard applicable to a Rule 12(b)(6) motion to dismiss, the relief that Chien seeks cannot be granted as it is barred by the express language of the Confirmation Order.

Chien also seeks injunctive relief against the Debtor and Dr. Freer.[12] This relief, too, is contrary to the Confirmation Order and also cannot be granted. Specifically, the Confirmation Order states

> <u>Injunctions.</u> The limited injunction provisions set forth in Article VII of the Plan are hereby approved in their entirety. Except to the extent otherwise provided in the Plan, from and after the Confirmation Date all persons who have held, hold or may hold Claims against or interests in the Debtor are permanently enjoined from taking any of the following actions against any of the Debtor or the Reorganized Debtor on account of any such Claims or interest: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing or attaching, collecting or recovering, in any manner, any judgment, award, decree or order; (c) creating, perfecting or enforcing any lien or encumbrance; (d) asserting a setoff, right or subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (e) commencing or continuing, in any manner or in any place, any action that does not comply with or in inconsistent with the provisions of the Plan; provided, however, that nothing contained herein shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the Plan.

---

[12] Dr. Freer, by counsel, filed a lawsuit against Andrew Chien in the Circuit Court of the County of Chesterfield asserting claims against Chien and his company, USChina Channel, LLC, for defamation and conspiracy (the "Chesterfield Proceedings"). On August 9, 2012, in the Chesterfield Proceedings, the Chesterfield County Circuit Court entered a "Final Judgment Order as to Andrew Chien and USChina Channel, LLC," finding Chien and USChina jointly and severally liable for $1.6 million dollars.

*Id.* ¶ 17. The Confirmation Order bars the injunctive relief sought by Chien in the Complaint, namely the "[i]njunction against Freer's Claim of about $310,000" and the "[i]njunction against CBI's property of about $820,000." As the relief sought in the Complaint is barred by the Confirmation Order, the Court finds that the Complaint should be dismissed for failure to state a claim.[13]

Finally, to the extent that the Complaint requests that the Court review, rescind, or modify the Chesterfield Proceedings, the Court lacks subject-matter jurisdiction to do so. The Rooker-Feldman Doctrine precludes federal courts from exercising subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] court proceedings commenced and inviting [federal] court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). To the extent that Chien's Complaint seeks to appeal the Chesterfield County Circuit Court judgment in this Court, the Court finds that the Complaint should be dismissed for lack of subject-matter jurisdiction.

A separate Order shall issue.

---

[13] The Confirmation Order also states

> The Debtor, the Reorganized Debtor, and the Committee (and all officers, directors, partners, attorneys, financial advisors, investment bankers and other professionals, and agents of each of the foregoing) have acted in good faith in the formulation and consummation of the Plan and have not knowingly violated any law, regulation, procedure and/or rule. To date there have been unfounded accusations about the Debtor (and/or its directors, partners, attorneys, financial advisors, investment bankers and other professionals) violating various laws, regulations, procedures and/or rules. There is no merit to any of said accusations. Furthermore, the Debtor, the Reorganized Debtor, and the Committee (and all officers, directors, partners, attorneys, financial advisors, investment bankers and other professionals, and agents of each of the foregoing) have proceeded in a manner consistent with this Court's orders and therefore are entitled to the greatest extent possible all defenses and/or presumptions related to such reasonable reliance.

*In re Commonwealth Biotechnologies*, Docket No. 367, ¶ 29, 11-30381-KRH (Bankr. E.D. Va. Mar. 29, 2013). Thus, to the extent that the Complaint is based on allegations of wrongdoing, those accusations contradict the terms of the Confirmation Order and are barred.

ENTERED: July 1, 2013

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: July 1, 2013